975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerome H. LEMELSON, Plaintiff-Appellee,
v.
CHAMPION SPARK PLUG COMPANY, Defendant-Appellant.
 No. 91-1511.
 United States Court of Appeals, Federal Circuit.
 July 13, 1992.
Rehearing Denied Aug. 17, 1992.
Suggestion for Rehearing In Banc Declined Sept. 29, 1992.
 
 Before ARCHER, Circuit Judge, SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Champion Spark Plug Company (Champion) appeals the judgment of the United States District Court for the District of Delaware (Civil Action No. 85-284 LON, dated September 12, 1991), entered upon a jury verdict, finding United States Patent No. 3,412,431 (the '431 patent) to Jerome H. Lemelson not invalid and willfully infringed by Champion. Specifically, Champion contends that the district court erred in denying its motion for a judgment notwithstanding the verdict relating to infringement and willfulness and its alternative motion for a new trial relating to those issues and the amount of damages. We affirm.
 
 DISCUSSION
 I.
 
 2
 A. To prevail in its appeal from denial of the motion for JNOV on the infringement issues, Champion must show either that the jury's finding is not supported by substantial evidence or that it was made in relation to a claim interpretation that cannot in law be sustained. Senmed Inc. v. Richard-Allan Medical Indus. Inc., 888 F.2d 815, 817, 12 USPQ2d 1508, 1510 (Fed.Cir.1989); Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 893, 221 USPQ 669, 673 (Fed.Cir.1984). Claim interpretation is a question of law reviewed de novo by the trial judge on motion for JNOV and by this court on appeal. Senmed, 888 F.2d at 818, 12 USPQ2d at 1511. Claims are interpreted in light of the claim language, other claims, the patent specification, and the prosecution history. Id.; Rite-Hite Corp. v. Kelley Co., Inc., 819 F.2d 1120, 1123, 2 USPQ2d 1915, 1917 (Fed.Cir.1987). Expert testimony may also be considered when interpreting a means plus function claim. Palumbo v. Don-Joy Co., 762 F.2d 969, 975, 226 USPQ 5, 8 (Fed.Cir.1985); Rite-Hite, 819 F.2d at 1123, 2 USPQ2d at 1917.
 
 
 3
 The invention disclosed in the '431 patent relates to a "Deposition Molding Apparatus" for depositing material against a substrate to mold or form the material into a coating or a shell. The accused device, a spray-painting Trallfa robot, is a robotic arm designed to mimic human arm and wrist maneuverability during the painting operation.
 
 
 4
 B. The infringement dispute centers around the interpretation of subparts (c) and (d) of independent claim 1. Subpart (c) of claim 1 is in means plus function form; the interpretation question, however, turns on traditional claim construction principles and can be resolved solely as a legal matter. It recites a "means for prepositioning said support and a work member adapted to receive and shape material...."
 
 
 5
 Champion argues that the "means for prepositioning" language of subpart (c) refers to or modifies both "support" and "work member." If it is so construed, there can be no infringement because Champion's Trallfa robot has no structure for prepositioning a work member. In support of its argument Champion points to the specification disclosure of a work member "held by a support or clamp which is connected to a drive shaft which is driven by a motor MW to rotate or translate the work in one or more directions."
 
 
 6
 As Lemelson points out, however, this part of the specification describes an embodiment of the invention which is expressly claimed in dependent claims 2 and 3. Although claims 2 and 3 have not been raised in this suit, they provide guidance as to the scope of broader claim 1. "Where some claims are broad and others narrow, the narrow claim limitations cannot be read into the broad...." D.M.I., Inc. v. Deere & Co., 755 F.2d 1570, 1574, 225 USPQ 236, 239 (Fed.Cir.1985) (citation omitted). Subpart (c) of claim 1 cannot be construed in the manner that Champion urges without improperly reading claim limitations of dependent claims 2 and 3 into independent claim 1. Since claim 1 must be interpreted as broader than claims 2 and 3, it was proper for the district court to conclude that Champion's argument fails.
 
 
 7
 Lemelson's contention that the "means for prepositioning" refers only to "support" and not to "work member" is further bolstered by the disclosure in the specification that describes an operation where a conveyor places the work member, a scanning relay detects the presence of the work member, and a signal is generated which indicates that painting may begin. In this situation, the work member is not prepositioned by the described invention but by an independent conveyor. In the light of the specification, therefore, Champion has not shown that the trial court erroneously construed claim 1.
 
 
 8
 C. Subpart (d) of claim 1 is also in means plus function language. Whether a means of an accused device is an equivalent of the corresponding means of the patented device is a question of fact. Palumbo, 762 F.2d at 975, 226 USPQ at 8. Whether persons skilled in the art would have known of the interchangeability between specific structures of the disclosed invention and the accused device is a useful consideration when determining equivalent structures under the sixth paragraph of 35 U.S.C. § 112. Id.; Rite-Hite, 819 F.2d at 1124, 2 USPQ2d at 1918 (both cases citing Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609 (1950)). In this case, there was expert witness testimony that one of ordinary skill in the art would consider interchangeable the gantry-type crane structure described in the specification of the '431 patent and the boom-type crane structure of the Trallfa robot. In view of this substantial evidence, we are convinced that a reasonable jury could have found that the claims, properly construed, read on the accused Trallfa robot. Accordingly, the district court did not err in refusing to grant JNOV on the issue of infringement.
 
 II.
 
 9
 Champion argues that the jury's finding of willfulness was not supported by substantial evidence. A finding of willful infringement is a factual finding. Bott v. Four Star Corp., 807 F.2d 1567, 1572, 1 USPQ2d 1210, 1213 (Fed.Cir.1986). The trial judge on motion for JNOV and this court on appeal must uphold a jury determination of willfulness if it is supported by substantial evidence. Orthokinetics Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1580, 1 USPQ2d 1081, 1091 (Fed.Cir.1986).
 
 
 10
 In this case, the district court considered the jury's willfulness finding in connection with both the hearing and order on enhancement of damages and the order on Champion's JNOV and new trial motions. In its order on the motions, the court reaffirmed its determination in the enhancement of damages order that the conclusory assertion of non-infringement in Mr. Gauthier's letter to Lemelson's counsel was not an authoritative opinion on infringement upon which Champion could rely. The court stated that the evidence before the jury showed that Champion's "entire course of conduct ... demonstrates an utter lack of concern over [Lemelson's] patent rights." On appeal, Champion essentially asks this court to reevaluate Mr. Gauthier's testimony. This we decline to do. It is clear from the district court's orders that substantial evidence supports the jury's finding of willful infringement. The district court properly denied JNOV on this issue.
 
 III.
 
 11
 Champion argues that the district court applied an incorrect standard in denying its motion for a new trial on the issues of infringement and willfulness. We review the district court's denial of a new trial under an abuse of discretion standard. Orthokinetics, 806 F.2d at 1581, 1 USPQ2d 1081 at 1092. On its review of the record, the district court concluded that the jury's findings were "not against the clear weight of the evidence." This is the correct standard and we discern no abuse of discretion in the court's decision to deny a new trial on these issues.
 
 
 12
 Champion also moved for a new trial on the issue of damages and contends that the district court's denial of that motion was based on errors of law and was an abuse of discretion. The district court carefully analyzed the evidence on the appropriate royalty rate. It concluded that, based on evidence of a seven percent royalty in a related situation, the testimony and evidence presented to the jury did not make a seven percent royalty rate in this case unreasonable or against the clear weight of the evidence. We are, therefore, unpersuaded by Champion's arguments.